UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER HOOVER,

                Petitioner,

-v-

UNITED STATES OF AMERICA,

                Respondent.

DECISION AND ORDER
03-CR-6104 CJS
07-CV-6080

---

## INTRODUCTION

This is an action by the *pro se* Petitioner to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Now before the Court is Petitioner's motion for reconsideration of the Court's Order directing him to provide a more definite statement. (Docket #164.) For the reasons set forth below, the application is denied and this action is dismissed.

## BACKGROUND

On February 5, 2007, Petitioner, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket #154.) Petitioner alleged that: (1) "[trial] [c]ounsel was ineffective when he failed to object to conflicting testimony of the Government's witnesses or to effectively challenge witnesses' credibility," (2) "[a]ppellate counsel was ineffective when he failed to perfect his appeal by not including the issue of the multiple times in the Government's summation when information not a part of the record, was introduced to the jury," and (3) "[the] [t]rial court's instructions to the jury were deficient and counsel's failure to object and offer a corrected version at trial or to brief

the matter on appeal were constitutional errors requiring reversal and a new trial." (Docket #154.) The Court acknowledged the timely filing of Petitioner's motion and gave Respondent twenty days to file a motion for a more definite statement or a motion to dismiss the petition. (Docket #155.) On March 19, 2007, Respondent filed a motion to dismiss, or in the alternative, for a more definite statement. (Docket #156.)

On May 14, 2007, the Court denied Respondent's motion to dismiss but ordered Petitioner to file and serve a more definite statement of his claims within thirty days. (Docket #161.) The Court directed Petitioner to (1) "identify the particular testimony to which defense counsel allegedly failed to object, and/or the particular witnesses whose credibility defense counsel failed to challenge," (2) "identify the information, allegedly outside the record, that the prosecutor 'introduced to the jury' during his summation," and (3) "identify the particular jury instructions that he claims were 'deficient' and explain why they were deficient." *Id.*

On June 1, 2007, Petitioner responded by filing a motion for reconsideration. (Docket #164.) Specifically, Petitioner requested additional time to prepare his more definite statement because he did not have access to the grand jury minutes. *Id.* In that regard, on April 2, 2007, Petitioner had submitted a motion for release of grand jury minutes. (Docket #158.) However, on May 17, 2007, the Court denied Petitioner's motion for release of grand jury minutes. (Docket #163.)[1]

---

[1] According to the Docket, it appears that the Court's Order denying Petitioner's request for grand jury minutes and Petitioner's motion for reconsideration may have crossed in the mail. Nevertheless, Petitioner would have received notice that his request for grand jury minutes was denied shortly after he submitted his request for reconsideration.

## ANALYSIS

### 28 U.S.C. § 2255

Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The Court may dismiss a section 2255 petition without conducting a hearing if the petition and the record "conclusively show" that petitioner is not entitled to relief. *Id.* Petitioner's allegations and submissions do not merit an evidentiary hearing.

In his motion for reconsideration, Petitioner requested that the Court grant him additional time to respond to the order to provide a more definite statement because he had not received the grand jury minutes. (Docket #164.) However, the motion for reconsideration is moot in light of the Court's denial of Petitioner's application for grand jury minutes.

As to the Section 2255 motion, Petitioner failed to comply with the Court's Order to provide more definite statement. Consequently, Petitioner has failed to show that he is entitled to any relief.

## CONCLUSION

Accordingly, Petitioner's application for reconsideration of the order directing him to provide a more definite statement (Docket #164) is denied and his application pursuant to 28 U.S.C. § 2255 (Docket #154) is dismissed. Pursuant to 28 U.S.C. § 2253, the Court

declines to issue a certificate of appealability, since Petitioner has not made a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated: May 29, 2009
Rochester, New York

*Charles J. Siragusa* (signature)
CHARLES J. SIRAGUSA
United States District Judge